■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, against ISRAEL SLOCHOWSKY, an Attorney, Respondent.— Motion to confirm the report of the Official Referee granted to the extent of suspending respondent from the practice of the law for a period of one year. Motion to disaffirm the report of the Official Referee denied. Present— Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

■ EUGENE H. PHELAN, an Infant, by His Guardian ad Litem, HELEN PHELAN, et al., Respondents, v. PAUL HOUGHTON et al., Appellants. — Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ PHILOMENA ABARNO, Respondent, v. PASQUALE ABARNO, Appellant.— In an action for a separation, the appeal is from so much of a judgment, entered after trial before an Official Referee, granting respondent a separation and directing appellant, upon the stipulation of the parties made in open court, to pay a lump sum for temporary alimony, permanent alimony and a counsel fee, as awarded respondent a separation. Judgment insofar as appealed from affirmed, with costs. No opinion. Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to reverse the judgment, insofar as appealed from, and to dismiss the complaint.

■ FRIEDA L. ABBEY, Respondent, v. AARON H. TRYNIN, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order granting respondent's motion for leave to file a statement of readiness *nunc pro tunc* and for other relief, and opening her default in permitting dismissal of the action for (1) her failure to file the statement of readiness on or before October 1, 1957 (see Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957, as amd. eff. June 15, 1957), when the action was struck from the Preferred Calendar, and (2) her failure to move to open such default on or before October 2, 1958, when the action was dismissed (Rules Civ. Prac., rule 302, subd. 2). The cause of action arose in 1952, and the motion resulting in the order under review was made on March 6, 1959. Order reversed, with $10 costs and disbursements, and motion denied. Almost seven years elapsed between the date of appellant's alleged negligence and the making of respondent's motion to open her default. In our opinion, no proper legal excuse was offered in substantiation of the claim that the omission to file the requisite statement of readiness was inadvertent. The excuse presented was that respondent's counsel had been working, prior to October 1, 1957, on a check list of cases requiring a statement of readiness and had confused the case at bar with some other matter on his list. No further investigation as to the calendar status of this action was made by respondent's attorneys until 1959, when the action failed to appear on the Trial Term Calendar. We hold that such casual supervision of the calendar status of a pending action may not serve to defeat the mandatory requirements of the rule calling for the filing of a statement of readiness. Wenzel, Acting P. J., Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to affirm; Murphy, J., deceased.

■ DORIS BRENNAN, as Administratrix of the Estate of WILLIAM J. BRENNAN, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— On the court's own motion, the appeal is ordered to be placed on the calendar for the January 1960 Term, for reargument. Present — Nolan, P. J., Wenzel, Beldock and Kleinfeld, JJ.; Murphy, J., deceased.